UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

EDGARDO DIAZ DIAZ,

                *Plaintiff*,

-against-

CITY UNIVERSITY OF NEW YORK,

                *Defendant*.

------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-8-16

15 Civ. 1319 (PAC) (MHD)

**OPINION & ORDER**
**ADOPTING REPORT AND**
**RECOMMENDATION**

HONORABLE PAUL A. CROTTY, United States District Judge:

 *Pro se* Plaintiff Edgardo Diaz Diaz, a 60-year old Puerto Rican man who has been a student and adjunct lecturer at City University of New York ("CUNY") since 1993, has previously filed a Title VII action against CUNY and 23 of its employees, alleging numerous instances of discrimination and retaliation. *See Diaz Diaz v. CUNY*, No. 13 cv 2038 (PAC), 2015 WL 5577905 (S.D.N.Y. Sept. 22, 2015). Notwithstanding the fact that some of Plaintiff's Title VII claims are still pending, on February 20, 2015 he launched a new battery of national origin discrimination and retaliation claims, but limited to Title VI of the 1964 Civil Rights Act, 42 U.S.C. § 2000d.

 Defendant now moves to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6). Magistrate Judge Michael H. Dolinger issued a Report & Recommendation ("R&R") in which he concluded that all but one of Plaintiff's claims are time barred; and the single timely allegation fails to state a claim. The Court agrees; the motion to dismiss is GRANTED.

## BACKGROUND

 In 1993, Plaintiff enrolled as a graduate student in the music program at CUNY's

Graduate School and University Center ("GSUC"). Amended Complaint, Dkt. 16 Ex. 1 ¶ 1. Plaintiff "stopped registering" at the GSUC in 2002 due to economic constraints; but reenrolled in 2005 to work on his PhD dissertation with Professor Peter Manuel. *Id.* ¶¶ 9-12. In 2006, Plaintiff began collaborating with Manuel on a book project. *Id.* ¶¶ 13-15. Plaintiff alleges that, between 2006 and 2009, Manuel conspired with Professor Stephen Blum to steal Plaintiff's intellectual property by failing to incorporate Plaintiff's changes into the book and failing to properly accredit his work on the project. *Id.* ¶ 29. Plaintiff also alleges that Manuel and Blum, in aid of their scheme to steal Plaintiff's intellectual property, refused to approve Plaintiff's thesis proposal to ensure that Plaintiff would remain a graduate student. *Id.* ¶¶ 16, 17, 28, 30, 31.

In April 2009, Plaintiff sent a series of complaints regarding Manuel's and Blum's actions to GSUC's Vice President for Academic Affairs and GSUC's President. *Id.* ¶¶ 32, 33. Plaintiff was denied readmission to GSUC for the fall 2009 semester; he had not reenrolled as of the filing of the complaint. *Id.* ¶ 36. In July 2010, Professor Martin Ruck contacted Plaintiff and identified himself "as the factfinder designated by the GSUC officials to handle the investigation." *Id.* ¶ 46. On May 15, 2012, Ruck issued a report that apparently rejected Plaintiff's allegations. *Id.* ¶ 48. Plaintiff criticizes the Ruck Report for "concealing facts" and failing to find that Plaintiff was "subject to discrimination and retaliatory acts by CUNY GSUC members." *Id.* ¶ 49. Plaintiff brought this action almost three years later, on February 20, 2015.

## DISCUSSION

### I. Legal Standards

The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If no objections are made, the Court reviews the R&R for clear error. *Terio v. Michaud*, No. 10 cv 4276 (CS), 2011

WL 2610627, at *1 (S.D.N.Y. June 27, 2011). If a party objects, the Court conducts a *de novo* review of the R&R's contested portions. *See Idlisan v. Mount Sinai Med. Ctr.*, No. 12 cv 8935 (PAC), 2015 WL 136012, at *2 (S.D.N.Y. Jan. 9, 2015).

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must have sufficient "factual plausibility" to allow the court "to draw the reasonable inference that the defendant is liable." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff's factual allegations must "raise a right to relief above the speculative level" and cross "the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). "[S]ubmissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Title VI of the Civil Rights Act provides that "[n]o person in the United States shall, on the ground of race, color or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. Where (as here) New York law applies, a claim must be brought within three years from "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Singh v. Wells*, 445 Fed. App'x 373, 376 (2d Cir. 2011).

To state a Title VI discrimination claim, a plaintiff must plausibly allege: "(1) the defendant received federal financial assistance, (2) the plaintiff was an intended beneficiary of the program or activity receiving the assistance, and (3) the defendant discriminated against the plaintiff on the basis of race, color, or national origin in connection with that program or activity." *Martin v. SUNY*, 704 F. Supp. 2d 202, 233 (E.D.N.Y. 2010). To satisfy the discrimination prong, a plaintiff must plausibly allege: "(1) that the defendant discriminated

against him on the basis of [national origin]; (2) that that discrimination was intentional; and (3) that discrimination was a substantial and motivating factor for the defendant's actions." *Williams v. CUNY*, No. 13 cv 1055 (CBA), 2014 WL 4207112, at *8 (E.D.N.Y. 2014).

A Title VI claim can also be brought for retaliation, which requires that a plaintiff plausibly allege: "(1) participation in a protected activity known to the defendants; (2) adverse action by the defendants against the plaintiff; and (3) a causal connection between the plaintiff's protect[ed] activity and defendants' adverse action." *Id.* at *11.

## II. Analysis

The R&R correctly construes the Amended Complaint to bring Title VI national origin discrimination and retaliation claims based on the alleged conduct of Manuel, Blum and Ruck going back at least nine years to 2006. But the R&R is also correct that all claims based on alleged conduct occurring before February 20, 2012 (three years before Plaintiff sued) are time barred. While the Amended Complaint may be read to invoke the "fraudulent concealment" doctrine as grounds to delay the limitations period, it is not adequately pleaded. Even assuming Plaintiff plausibly alleges concealment by Defendant, he fails to demonstrate (as he must) that "the action was brought within a reasonable time *after* the facts giving rise to the estoppel have ceased to be operational." *Horn v. Politopoulos*, No. 14-2640, 2015 WL 5945988, at *1 (2d Cir. Oct. 14, 2015). To the contrary, Plaintiff brought claims with identical factual allegations against CUNY in March 2013, which undermines any inference that he acted expeditiously in bringing this action. *See Diaz Diaz*, 2015 WL 5577905 (S.D.N.Y. Sept. 22, 2015).

Nor is the limitations period tolled by the "continuing violation" doctrine, under which "the commencement of the statute of limitations period may be delayed until the last discriminatory act in furtherance of it." *Fitzgerald v. Henderson*, 251 F.3d 345, 359 (2d Cir.

4

2001). The doctrine does not apply to "discrete discriminatory acts"—such as a refusal to hire, failure to promote, or termination—"even when they are related to acts alleged in timely filed charges." *Nat'l R.R. Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Rather, "[e]ach discrete discriminatory act starts a new clock for filing charges alleging that act." *Id.*

Plaintiff's objection to the R&R attempts to support a "continuing violation" theory by newly alleging that he returned to CUNY in fall 2015, so his allegations in the Amended Complaint should be construed as "continuous violations inflicted by the City University of New York." Dkt. 34 at 6-7. But any claims that could arise from the allegations in the Amended Complaint are "discrete discriminatory acts," and so cannot be tolled under the continuing violation doctrine. In any event, it is improper for the Court to consider the new allegations in Plaintiff's opposition because to do so would require converting Defendant's motion to dismiss into a motion for summary judgment. *Space, Inc. v. Simowitz*, No. 08 cv 2854 (SAS), 2008 WL 2676359, at *4 (S.D.N.Y. July 8, 2008). Any claim premised on alleged conduct occurring before February 20, 2012 is untimely.

The R&R correctly concludes that the only timely claim is premised on the Ruck Report of May 15, 2012. While the claim is timely, it is not adequately pleaded. Plaintiff does not plead any facts that plausibly suggest that any negative conclusions in the Ruck Report were motivated by an intent to discriminate against Plaintiff because he is Puerto Rican. The Amended Complaint also does not plead retaliation because negative findings of an investigation undertaken in response to a discrimination complaint cannot be considered an "adverse employment action taken in retaliation for the filing of the same discrimination complaint." *See Fincher v. Depository Tr. & Clearing Corp.*, 604 F.3d 712, 721 (2d Cir. 2010).[1] The motion to

---

[1] Plaintiff's objection to the R&R uses the allegation that Plaintiff recently returned to CUNY to refute the R&R's alternate holding that his claims fail because he was not a CUNY student or employee when the Ruck Report was

5

dismiss is granted.

## CONCLUSION

Plaintiff's objection to the R&R has no merit. Accordingly, the Court ADOPTS the R&R and GRANTS Defendant's motion to dismiss. The Clerk is directed to enter judgment for Defendant and terminate 15 cv 1319.

Dated: New York, New York
       March 8, 2016

SO ORDERED

*/s/ Paul A. Crotty*
PAUL A. CROTTY
United States District Judge

---

issued. Even if his status as a CUNY student is somehow "continuous" despite the fact that he had no apparent involvement with the school from 2009 to 2015, his claims still fail for the reasons stated.